**In re Richard Albert HOOVER, Debtor.**

**Bankruptcy No. 83 B 03793 J.**

United States Bankruptcy Court,
D. Colorado.

Jan. 5, 1984.

**710**

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

Bruce C. Bernstein, Trustee, Denver, Colo., pro se.

David Littman, Littman & McCahill, Denver, Colo., for debtor.

## MEMORANDUM OPINION AND ORDER

ROLAND J. BRUMBAUGH, Bankruptcy Judge.

THIS MATTER comes before the Court on the Trustee's Objection to B–4 Schedule wherein the Trustee challenges the Debtor's claims of exemptions for

1. A camper trailer under Sec. 13–54–102(1)(j), C.R.S.; and

2. "Debtor's family residence" under Sec. 38–41–201, C.R.S.

At the hearing, Debtor stipulated that his claim of exemption for the camper trailer was in error and should not be allowed.

The evidence revealed the following. Debtor was formerly married to Kathy Hoover and there were two children from this marriage. On January 19, 1983, the State Court entered its Order (*nunc pro tunc* to December 15, 1982) in the Hoovers' Dissolution of Marriage proceeding. (*See* Debtor's Exhibit A). That Order provided, *inter alia,* that Kathy Hoover was to have custody of the children and that the Debtor herein was to pay monthly child support plus make the monthly payments necessary on a second mortgage on the family home. The Order also provided for a property settlement between the Hoovers. As part of that settlement, paragraph number 5 of the Order provides as follows:

5. The family home shall be conveyed to the Petitioner as her sole and separate property. In return Petitioner will execute a note to Respondent in the sum of $9,825.00 secured by a third deed of trust on the property. This note, together with any principal reduction payments Respondent shall have made on the present second mortgage as heretofore ordered, will be due on either remarriage of Petitioner, refinancing of the first and second

mortgages, discontinuing to use the home as the principal place of residence of Petitioner and children or December 15, 1986, whichever shall occur first. Petitioner shall assume and pay the first mortgage, taxes and all other expenses in connection therewith.

Kathy Hoover, in accordance with this paragraph, executed and delivered to the Debtor her promissory note and Deed of Trust in the sum of $9,825.00, (*see* Debtor's Exhibits B and C), and Debtor conveyed his interest in the family home to Kathy Hoover. This transaction was completed on or about January 17, 1983.

On August 23, 1983, the Debtor filed his Chapter 7 Petition herein.

The pertinent statutory provisions are as follows:

**Homestead exemption.** Every homestead in the state of Colorado occupied as a home by the owner thereof or his family shall be exempt from execution and attachment arising from any debt, contract, or civil obligation not exceeding in value the sum of twenty thousand dollars in actual cash value in excess of any liens or encumbrances on the homesteaded property in existence at the time of any levy of execution thereon.

Sec. 38–41–201, C.R.S.

**Exemption only while occupied.** Said property, when so homesteaded, shall only be exempt as provided in this part 2 while occupied as a home by the owner thereof or his family.

Sec. 38–41–203, C.R.S.

**Proceeds exempt—bona fide purchaser.** The proceeds from the exempt amount under this part 2, in the event the property is sold by the owner, or the proceeds from such sale under section 38–41–206 paid to the owner of the property or person entitled to the homestead shall be exempt from execution or attachment for a period of one year after such sale if the person entitled to such exemption keeps the exempted proceeds separate and apart from other moneys so that the same may be always identified. If the

person receiving such proceeds uses said proceeds in the acquisition of other property for a home, there shall be carried over to the new property the same homestead exemption to which the owner was entitled on the property sold. Such homestead exemption shall not be valid as against one entitled to a vendor's lien or the holder of a purchase money mortgage against said new property.

Sec. 38–41–207, C.R.S.

The Debtor cannot claim this exemption on the home under Secs. 38–41–201 and 203, C.R.S. even though his "family", i.e. his children, on the date of his Petition herein, occupied the home. In effect, when the Hoovers were divorced and the Debtor moved from the home and transferred title to Kathy Hoover, Kathy Hoover became entitled to the homestead exemption on the home, just as any new owner who occupied the property would be entitled. And since there can only be one homestead exemption on any particular piece of property, the Debtor would not have been entitled to also claim a homestead exemption on the same property. *In re Pruitt*, 82 B 3829 C (1982), *aff'd* Dist.Colo. 83–JM–0212 (1983).

This means that the Debtor, as a new and distinct "family unit" could establish his own new homestead exemption in his new residence.

But here the Debtor claims his exemption under Sec. 38–41–207, C.R.S., arguing that the promissory note and Deed of Trust are the "proceeds" from his sale of his previous homestead to his ex-wife. Under that statute, the Debtor, if he otherwise followed its mandates, would have one year to reinvest his proceeds in a new residence, and during the interim, those "proceeds" are free from execution or attachment.

There are no cases in Colorado defining "proceeds" under this statute. However, in Sec. 4–9–306(1), C.R.S., Colorado has defined "proceeds" under the Uniform Commercial Code as follows:

**"Proceeds"—secured party's rights on disposition of collateral.**

(1) "Proceeds" includes whatever is received when collateral or proceeds is sold, exchanged, collected, or otherwise disposed of. The term also includes the account arising when the right to payment is earned under a contract right. Money, checks, and the like are "cash proceeds". All other proceeds are "noncash proceeds".

This Court can discern no reason why this same broad and all-inclusive definition should not also apply to Sec. 38–41–207, C.R.S. Thus, the promissory note and Deed of Trust received by the Debtor herein would be "proceeds" under Sec. 38–41–207, C.R.S. The same would apply had the Debtor received any other type of noncash proceeds such as stocks, bonds, assignment of accounts, or real or personal property. Whatever is received by the Debtor when he sells his homestead property is "proceeds".

Thus, since the Debtor received the promissory note on or about January 17, 1983, his exemption for these proceeds continues until January 17, 1984, so long as he keeps the "proceeds separate and apart from other moneys so that the same may be always identified." There was no dispute that the Debtor here had so separated his proceeds on the date of his Petition. It is, therefore

ORDERED that the Debtor's claimed exemption for the camper trailer is denied; and

FURTHER ORDERED that the Debtor's claimed exemption, for the $9,825.00 promissory note secured by a Deed of Trust is allowed under Sec. 38–41–207, C.R.S. and the Trustee's objection thereto is denied; and

FURTHER ORDERED that within 10 days of the date of this Order, any party may file a written request for the withdrawal of his exhibits received in evidence or in the possession of the Court. Upon conclusion of all appellate review pertinent hereto, or upon expiration of time to initiate such review, as the case may be, exhibits so requested shall be returned. Thereafter, the Clerk may destroy or otherwise dispose of any exhibits not requested and returned in accordance with this Order.